Johnson, C. J, The plaintiffs below in their first count described a note executed by Jackson to Jordan and endorsed by Jordan to themselves and which they endorsed to Joseph B. Mason, by whom they were compelled to take it up. The note produced in evidence under this count does not appear to have been endorsed to Mason as described, but to^Myers, and therefore the court decided correctly in excluding it. The second count sets out a proceeding instituted in the State of Tennessee by Myers against the maker and also the endorsers including the present plaintiffs and a joint judgment rendered against all, upon which an execution was issued, and which execution they allege they satisfied. We think it clear that the judgment in that case and between those parties could not furnish the basis of an action between the parties to the present proceeding. But the question arises here whether that judgment did not so far change the relation between the parties upon the note as to make it evidence here against the defendant, without the necessity of another protest or notice of non-payment. It is contended that these parties are not by that proceeding placed upon a like footing with joint judgment debtors and subjected to all the liabilities to each other which would result from a judgment against several co-defendants rendered upon a joint, or joint and several obligation. If such should be the effect it is clear that those who might be compelled to avdance the whole amount would be intitled to recover the whole against the principal, or contribution against a co-security; and in that case the judgment coupled with a receipt or other competent evidence of payment would be admissible to fix the liability of the defendant. The point then to be decided here is, whether the proceeding had in the State of Tennessee and offered in evidence in the court below, could have been received under the count for money paid, laid out and expended for the defendant. It is there shown that Myers the last endorsee, had the note protested, not only against the present plaintiff, but also against the maker and all intermediate endorsers including the present defendant. A notice from the holder or any other party will enure to the benefit of every other party, who stands between the person giving the notice and the person to whom itis given. See Baley on Bills, ch. 7, sec. 2, p. 255, 256, (5th Edit.) Wilson vs. Swaby, 1 Starkie R. 34. Chitty on Bills, ch. 10,p. 527. (8th Edit.) Therefore a notice from the last endorsee to the first endorser will operate as a notice from each of the intermediate endorsers. Story on Promissory notes,p. 350. The principle is now well settled that notice by an . endorser to the drawer or a prior endorser of a bill or note will enure to the benefit of any intervening party. No intervening party can have a claim against the drawer or prior endorser without paying to the party who gave notice, and by doing so he acquires all his rights, and among others, the benefit of the notice given by him. If this doctrine be correct, and that it is we entertain no doubt, it is then clear that it was not incumbent upon the present plaintiffs to have given notice to the defendant of the nonpayment or protest of the note. He had already been notified of the protest by Myers who was the last endorsee, and the present plaintiffintervening between those parties and having paid the debt, is entitled to all the benefits resulting from that notice. This question being settled there can be no doubt but that the evidence adduced was fully sufficient to fix the liability of the defendant, and that the court decided correctly in rendering judgment against him for the sum advanced by the plaintiffs. Judgment affirmed,